IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tina Queen, | : | |
| Plaintiff | : | Civil Action 2:09-cv-33 |
| v. | : | Judge Watson |
| The Park National Bank, | : | Magistrate Judge Abel |
| Defendant | : | |

# ORDER

This CAUSE coming before the undersigned pursuant to Fed R. Civ. P. 26 and by stipulation of the parties, Plaintiff Tina Queen ("Plaintiff") and Defendant The Park National Bank ("Park National")(collectively, "parties"), IT IS HEREBY ORDERED THAT:

1. This Stipulated Protective Order ("Order") shall be applicable to and govern all initial disclosures, depositions, documents produced in response to formal or informal requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure in the action styled *Tina Queen v. The Park National Bank*, United States District Court for the Southern District of Ohio, Eastern Division, Case No. 2:09 CV 33 (the "Action"), as well as testimony adduced at hearings and trial and documents or things otherwise offered as or admitted into evidence in this Action (collectively, "DISCOVERY MATERIAL"),

which the disclosing party designates as "CONFIDENTIAL MATERIAL."

2. A non-party to this Action from whom DISCOVERY MATERIAL is sought, may stipulate to this Order and may thereby obtain the benefits, rights, and protection of a designating party under this Order, regardless of whether the Order is amended to add a non-party. By so stipulating, the non-party agrees to be bound by and comply with all terms of this Order and consents to this Court's jurisdiction over it for purposes of enforcing this Order.

3. The parties have agreed that certain documents that have been produced or will be produced in the course of discovery contain confidential information, including, but not limited to Park National business and personnel records that may contain confidential, proprietary, and/or personally identifying information for current or former employees of Park National.

4. A party shall designate DISCOVERY MATERIAL as CONFIDENTIAL MATERIAL only for material that the party in good faith believes contains trade secret or other confidential, competitive or proprietary business information used by her or it in, or pertaining to, her or its business, that the party takes appropriate efforts to keep confidential, or that the party is otherwise required to keep confidential by agreement or law.

5. A party designating DISCOVERY MATERIAL as CONFIDENTIAL MATERIAL shall designate, label or mark where practical such material, including all documents and other things, with an appropriate legend, such as but not limited to "Confidential Material Subject to Protective Order." All information contained

in documents produced by a party or non-party for inspection only, prior to making physical photocopies or electronic copies for production, shall be presumed to be CONFIDENTIAL MATERIAL and subject to the restriction on such material in this Order. A party that inadvertently fails to mark an item as CONFIDENTIAL MAERIAL at the time of production may later correct its failure in writing, accompanied by substitute copies of each item, container or folder, bearing the appropriate confidentiality legend. Within five (5) days of receipt of the substitute copies, the receiving party shall return, certify the destruction of, or mark as confidential the previously unmarked items, containers or folders and all copies thereof, and shall subsequently treat such substituted items as CONFIDENTIAL MATERIAL pursuant to this Order.

6. In the event a party wishes to file any CONFIDENTIAL MATERIAL with the Court for any purpose, such party shall file it with the Court:

   a. in a sealed envelope bearing (i) the filing date of this Order; (ii) the name, address and telephone number of filing counsel; (iii) the caption of this Action; and (iv) a legend substantially similar to the following: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. NOT TO BE OPENED OR DISCLOSED EXCEPT BY ORDER OF THE COURT;"

   or

   b. Redacted to eliminate unnecessary disclosure of non-public, medical and/or personally identifying information. The specific

terms of such redaction must be mutually agreed to by counsel for both parties. In the case of deposition transcripts, counsel shall have twenty (20) days following the mailing of the transcript to designate as CONFIDENTIAL MATERIAL those portions regarded as such. If within the twenty (20) day period counsel wishes to file the transcript of any deposition with the Court, counsel shall do so in accordance with section 6(a) or (b) of this Order. If a party fails to file any material or information under seal, any person who in good faith believes that filing such material or information under seal is required to protect its interests may move the Court to seal the information with ten (10) days of learning of the allegedly defective filing. Notice of such motion shall be given to all parties. The Clerk shall seal the disputed part of the filing until the Court rules on the Motion.

7. CONFIDENTIAL MATERIAL shall be used and/or reproduced solely for the purpose of litigating this Action, including any appeals arising from this Action, and not for any other purpose.

8. DISCOVERY MATERIAL designated as CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

   a. the Court and those employed by the Court, or any other court to which any appeal of this litigation is taken;

   b. the outside counsel of record in this Action, and associated counsel

within the parties' respective outside law firms, for the party or parties in this Action to whom such documents are produced, and the employees of such counsel;

c. court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in this Action;

d. any person whose testimony is taken or to be taken in connection with the litigation of this Action, but only to the extent that such disclosure is necessary for the conduct of this litigation; and provided further, that such person may only be shown copies of documents containing CONFIDENTIAL MATERIAL during his or her testimony and in consultation with counsel, and may not retain any such documents or copies, summaries or extracts thereof;

e. experts and consultants who have been retained by a party or counsel of record in this litigation for purposes of assisting in this Action, plus necessary clerical assistants; and

f. parties to this Action who are individuals, and the employees, directors or officers of parties to this Action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this Action, and provided further that a party may retain documents containing CONFIDENTIAL MATERIAL only so long as it is necessary for the conduct of this litigation.

9. The persons described in paragraph 8(d) and (e) shall have access to

CONFIDENTIAL MATERIAL only after they have been made aware of the provisions of this Order and have manifested their agreement to be bound thereby by signing a copy of the "NON-DISCLOSURE AGREEMENT" in the form attached hereto as Exhibit A. The persons described in paragraphs 8(b), (c) and (f) may have access to CONFIDENTIAL MATERIAL pursuant to the terms of this Order without first signing a NON-DISCLOSURE AGREEMENT provided that they have been made aware of the existence of this Order by receiving a copy thereof and have manifested their agreement to be bound by it either orally or in writing.

10. Any additional disclosures of CONFIDENTIAL MATERIAL shall take place only pursuant to written agreement of the counsel of record in this Action or, absent agreement, pursuant to an Order of the Court upon motion duly made.

11. Persons who receive any CONFIDENTIAL MATERIAL pursuant hereto hereby agree to subject themselves to the jurisdiction of this Court in this Action for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

12. The recipient of any CONFIDENTIAL MATERIAL pursuant to this Order shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own proprietary information.

13. In the event a party disagrees with a designation of DISCOVERY MATERIAL

marked as CONFIDENTIAL MATERIAL, the objecting party may apply to the Court for an Order to make the material available without restriction, provided that the objecting party is not able to resolve the dispute by first consulting with the providing party. Pending such resolution by the Court, the materials in question shall continue to be treated as CONFIDENTIAL MATERIAL in accordance with the provisions of this Order.

14. In the event that any CONFIDENTIAL MATERIAL is used in any Court proceedings in this Action, it shall not lose its CONFIDENTIAL MATERIAL status through such use, and the parties shall take all steps reasonably required to protect its confidential status during such use.

15. Nothing in this Order shall preclude any party to the Action, counsel of record or any other person from disclosing or using, in any manner or for any purpose, any DISCOVERY MATERIAL not obtained in this Action, if such material is lawfully obtained from a third party, even though the same material may have been produced in discovery in this Action and designated as CONFIDENTIAL MATERIAL.

16. Notwithstanding anything to the contrary hereinabove, nothing in this Order shall restrict a party's ability to use or disclose its own documents or proprietary information.

17. Within sixty (60) days of the termination of this Action, whether by dismissal, settlement, trial, order of this Court, or otherwise, all CONFIDENTIAL MATERIAL and all copies thereof, except such copies that have been filed or

utilized in accordance with the terms of this Order, shall, upon request of the disclosing party, be returned to counsel for the party or non-party which produced it, or shall be destroyed and certified in writing as such by counsel for the receiving party to counsel for the producing party or producing non-party.

18. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this Action and the Court shall have and retain limited jurisdiction for the purpose of enforcing this Order.

19. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

20. Nothing contained herein shall prejudice the right of the parties to object to the admissibility of CONFIDENTIAL MATERIAL for any reason. The parties further agree that they are not waiving any privilege or objections that they may have regarding CONFIDENTIAL MATERIAL.

21. The parties hereby agree to be bound by the terms of this Order as a matter of contract regardless of whether or when the Court signs the Order.

SO STIPULATED by the parties this 30th day of April 2009.

Respectfully submitted,

| | |
|---|---|
| s/James P. Wilkins | s/David C. Levine |
| James P. Wilkins (#0017517) | David C. Levine (#0043574) |
| jwilkins@kawwlaborlaw.com | dlevine@davidclevinelaw.com |
| Lisa A. Kainec (#0061551) | DAVID C. LEVINE LLC |
| lkainec@kwwlaborlaw.com | 65 East State Street |
| KASTNER WESTMAN & WILKINS LLC | Suite 200 |
| 3480 West Market St. | Columbus, OH 43215 |

| | |
|---|---|
| Suite 300 | (614) 228-2920 |
| (330) 867-9998 | (614) 228-6036 (Fax) |
| (330) 867-3786 (Fax) | |
| Counsel for Plaintiff, | Counsel for Defendant, |
| The Park National Bank | Tina Queen |

IT IS SO ORDERED by the undersigned this 1st day of May 2009.

<u>s/ Mark R. Abel</u>
United States Magistrate Judge

# EXHIBIT A

# NON-DISCLOSURE AGREEMENT

I, _____, have read the Stipulated Protective Order dated _____, 2009, entered in the Action captioned *Tina Queen v. The Park National Bank*, Case No. 2009 CV 33 (the "Action"), on the docket of the United States District Court for the Southern District of Ohio, Eastern Division, and agree to comply with the terms thereof. I will not divulge any information covered by this Protective Order to any person for any purpose, other than that directly associated with my official duties in connection with the Action, nor will I directly or indirectly use or allow the use of such information for any purpose other than that directly associated with my official duties in connection with the Action. Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any of the information covered by this Stipulated Protected Order.

Date:_____ Signature:_____

Employer: _____

Position: _____

Address: _____

Relationship with party making disclosure: _____

_____