# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION


**TINA QUEEN,**

    **Plaintiff,**

vs.

    Civil Action 2:09-cv-00033
    Judge Watson
    Magistrate Judge Deavers

**THE PARK NATIONAL BANK**

    **Defendants.**


## OPINION AND ORDER

On October 12, 2009, Defendant filed its Motion for Leave to File First Amended Answer Instanter (Doc. 21), asserting that information has come to light in discovery that gives rise to an affirmative defense. Defendant filed its Motion for Leave to File Amended Answer (Doc. 25) with a counterclaim pursuant to Federal Rule of Civil Procedure 64 and the Ohio Revised Code § 2737.03 on November 11, 2005.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the United States Court of Appeals for the Sixth Circuit has noted, Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Accordingly, when a party decides "to advance a new claim as a result of [] discovery" Rule 15(a) provides for "liberal amendment to the complaint." *Tucker v. Union of Needletrades, Indust. & Textile Employees*,

407 F.3d 784, 788 (6th Cir. 2005).

Several factors influence whether the Court should allow a party to amend its pleading including "undue delay in filing, lack of notice to opposing party, bad faith by the moving party, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)). Furthermore, in considering the issue of prejudice, the Court must ask whether allowing a party to amend the pleadings would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

Defendant seeks leave to amend its Answer to include both an affirmative defense and counterclaim. While Defendant's two motions did come approximately seven and eight months after it filed its Answer, Defendant asserts that it learned of its after-acquired evidence defense only through documents it received in discovery. As for the counterclaim, Defendant maintains that on September 16, 2009, approximately six months after Defendant filed its Answer, it learned that Plaintiff was in possession of various documents belonging to the Defendant. Additionally, Defendant contends that allowing the requested leave will not significantly delay the proceedings.

In her response and sur-reply, Plaintiff does not contest the Defendant's assertions regarding how the relevant information came to light. Likewise, Plaintiff does not contend that allowing the amended pleadings would cause significant delay. Rather, Plaintiff argues that Defendant's counterclaim for Replevin is futile because no wrongful detention has occurred and Plaintiff has taken steps to resolve the controversy.

Because the Defendant gained new information relevant to the affirmative defense and

counterclaim as a result of discovery, the lenient standards of Rule 15(a) support amendment to the Answer. Nothing in the record or the parties' arguments suggests that resolution of this case will be unduly delayed as a result of the amendment. Nor has Plaintiff demonstrated that any prejudice will befall her if the Court grants leave. Although Plaintiff does question the futility of the counterclaim, that matter turns on the substantive merits of whether Defendant has stated a claim under Ohio Revised Code § 2737.03. The Court finds that the better course of action would be to permit the amendment, and allow Plaintiff to challenge the sufficiency of the claim under Rule 12(b)(6). *See Stanley v. Malone*, No. 2:07-cv-0694, 2008 WL 2557254, at *3 (S.D. Ohio 2008) ("At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss.").

Defendant's Motion for Leave to File First Amended Answer (Doc. 21) and Motion for Leave to File Amended Answer (Doc. 25) are GRANTED. The Clerk is Directed to file the Amended Answer with Counterclaim, attached to Defendant's Motion for Leave to File Amended Answer (Doc. 25) as Exhibit 1.

<u>April 5, 2010</u>                                                            <u>/s/ Elizabeth A. Preston Deavers</u>
                                                                                                                 Elizabeth A. Preston Deavers
                                                                                                                 United States Magistrate Judge